UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES F. GLASS, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-265 WL |
| ) | |
| WALTER E. MARTIN, ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

James F. Glass, Sr., a *pro se* prisoner, filed this habeas corpus petition challenging his 60 day loss of good time and demotion to credit class II in case MCF 07-03-0069 on March 13, 2007 by the Disciplinary Hearing Board (DHB) at the Miami Correctional Facility.

Mr. Glass was found guilty of giving or accepting something of value without proper authorization in violation of B233 and of conspiracy in violation of B240.

First, Mr. Glass argues that the board was not impartial because they altered the conduct report. Mr. Glass misunderstands the requirement of impartiality. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires an impartial decision maker, this right is violated when the decision maker is substantially involved in the investigation of the charges against the inmate. *See Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983) ("[I]mpartiality mandates the disqualification of an official who is directly involved in the incident or is otherwise substantially involved in the incident . . ..") Mr. Glass does not allege that any member of the DHB was in any way involved in the formal investigation of the charges against him. Furthermore, the change that was made to the conduct report was not proof of bias, it was merely the correction of an obvious typo. The conduct report stated that, "he had someone send money to another offender with the superintendent's approval,

violating conduct code B-233." Docket # 1-2 (emphasis added). The board changed the word "with" to "without" because that was the clear meaning of the conduct report which charged him with giving or accepting something of value without proper authorization. Mr. Glass does not allege that he is not guilty because the superintendent authorized the transfer of money. Nor is there any dispute that superintendent was not the proper person to authorize the money transfer. Mr. Glass is merely objecting to the correction of a minor typographical mistake. The correction was not in error and making the correction does not demonstrate partiality.

Second, Mr. Glass argues that it was improper for the screening officer to add a conspiracy count during his screening. He states that the conduct report only charged him with giving or accepting something of value without proper authorization. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged, it does not require such a notice to specify the specific name or number of the rule violation, nor even its severity. In *Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003), there was no due process violation where the Final Reviewing Authority changed the charge on appeal – long after the hearing.

> Because the factual basis of the investigation report gave [him] all the information he needed to defend against the . . . charge, the reviewing authority's modification did not deprive [him] of his due process rights.

*Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003). Here, Mr. Glass does not argue that he lacked an adequate factual basis nor even that he was denied adequate notice before his hearing. Indeed, one of the purposes of screening is to provide just that notice. Adding a charge at the screening was not a due process violation.

Third, Mr. Glass argues that he was denied the opportunity to see the evidence against him so that he could prepare for the case. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires that inmates receive advance written notice of the factual basis of the charges against them, it does not require that they be permitted to see the evidence against them.

> *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners. Indiana has played by the rules articulated in *Wolff*.

*White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Because he was not entitled to see the evidence against him, denying him the opportunity to see it did not violate due process.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

For the foregoing reasons, the court **DENIES** this petition pursuant to Section 2254 Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: June  7 , 2007

                                                  s/William C. Lee
                                                  William C. Lee, Judge
                                                  United States District Court