UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES F. GLASS, SR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WALTER E. MARTIN, )<br>)<br>Respondent. ) | CAUSE NO. 3:07-CV-265 WL |

OPINION AND ORDER

James F. Glass, Sr., a *pro se* prisoner, filed a motion to reconsider this court's denial of his habeas corpus petition. Judgment was entered in this case on June 11, 2007 and the motion was not signed until twenty days later on July 10, 2007. Therefore the motion must be considered pursuant to FED. R. CIV. P. 60.

> We hold that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524 (2005). Here, the court addressed the merits of his habeas petition and therefore this motion to reconsider must be considered a successive habeas petition.

To the extent that he is asking this court to reconsider arguments previously presented, the motion must be denied because "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

To the extent that he is raising new arguments, the motion must be denied because

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3). Here, Mr. Glass has not obtained approval from the Seventh Circuit and "[a] district court <u>must</u> dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original).

These reasons alone are sufficient to deny this motion, but even if the court were able to consider the motion, it would be denied. In this motion, Mr. Glass alleges that there was insufficient evidence to find him guilty of the offence. This is the first time that he has presented this argument. In his petition he raised only three grounds, but he did not challenge the sufficiency of the evidence against him. Rather he merely alleged that he was not provided access to the evidence so that he could prepare his defense.

Mr. Glass cannot raise a new claim for the first time in a motion to reconsider. That too would be a sufficient basis to deny the motion to reconsider, but additionally, he did not raise a sufficiency of the evidence claim on appeal to either the Superintendent or the Final Reviewing Authority. "[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . .." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002).

In his habeas corpus petition, he states that the grounds he raised to the Superintendent were:

> The Conduct Report was written 5 months after the incident occurred; I was denied the right to impartial decision maker (hearing board); I was denied to physical evidence to prepare for defense; the screening officer over step his authority by adding a new charge (conspiracy).

Petition at ¶ 9.d., docket # 1. In his habeas corpus petition, he states that the grounds he raised to the Final Reviewing Authority were:

> Denied the right to impartial hearing board; denied the right to physical evidence to prepare for hearing; the screening officer over step his authority by adding a new charge along with the original charge.

Petition at ¶ 9.e.iv., docket # 1. Therefore even if he had included a claim for sufficiency of the evidence in his original petition, that claim would have been denied because it had not been presented and exhausted during his state appeals.

For the foregoing reasons, the court **DENIES** the motion to reconsider (docket # 5).

SO ORDERED.

ENTERED: July 23 , 2007

s/William C. Lee  
William C. Lee, Judge  
United States District Court
